UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-116-H

SUE HELLER                                                                                              PLAINTIFF

V.

CITY OF ST. MATTHEWS, et al.                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Sue Heller, has brought this action against numerous City of St. Matthews officials as well as Pace Contracting and one of its employees, Derek Snyder. Plaintiff says that Snyder gave a false report that Plaintiff was threatening him with a gun. As a consequence, the police accosted and threatened Plaintiff. Plaintiff alleges that Pace and Snyder apparently committed the tort of providing false information or making a false report to the authorities. Defendants, Pace and Snyder, have moved to dismiss.

Plaintiff complaint is premised upon the allegation that Snyder's conduct violates KRS § 519.040, which states:

(1) A person is guilty of falsely report an incident when he:

(a) Knowingly cause a false alarm of fire or other emergency to be transmitted to or within any organization, official or volunteer, that deals with emergencies involving danger to life or property; or

(b) Reports to law enforcement authorities an offense or incident with their official concern knowing that it did not occur; or

(c) Furnishes law enforcement authorities with information allegedly relating to an offense or incident within their official concern when

>   he knows he has no information relating to such offense or incident; or
>
> (d) Knowingly gives false information to any law enforcement officer with intent to implicate another; or
>
> (e) Initiates or circulates a report or warning of an alleged occurrence or impending occurrence of a fire or other emergency under circumstances likely to cause public inconvenience or alarm when he knows the information reported, conveyed or circulated is false or baseless.

The violation of this criminal statute can support a civil cause of action. *See* KRS § 446.070. The only question remaining is whether the alleged conduct could violate the statute.

The events here arose after Plaintiff complained to Snyder about the presence of workmen on her property. Terry Ridgeway is the Director of Public Works for the City of St. Matthews. The complaint alleges that Snyder called Ridgeway and furnished the allegedly false report about threatening with a shotgun. Ridgeway then called the St. Matthews Police and asked them to investigate.

The pertinent parts of the statute, subsections 1(b), 1(c), and 1 (d) each required that a report or false information be made or provided to a law enforcement authority or officer. It does not appear that Ridgeway was not a "law enforcement official" as the terms is used in the statute. That term would describe police and other person who issue citations and make arrests. The statutory comments suggest that the "major threat of the statute is deterrence of mischief-makers who impede investigations by furnishing fictitious leads." The plain language of the statute suggests that a violation occurs by the comments made directly to police or other investigative officers, not by comments to the third party who took it upon himself to call the police. Moreover, the information provided to Ridgeway was not "within his specific concern"

because he needed to call actual law enforcement officers to deal with the alleged threats. For those reasons, the facts alleged in the complaint, even if true, could not constitute a violation of KRS § 519.040.

Being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the motion to dismiss is SUSTAINED and Plaintiffs' claims against Pace Contracting and Derek Snyder are DISMISSED WITH PREJUDICE.

This is not a final order.


Date:




Copies to:  All Counsel